### ACTION AGAINST FOREIGN RAILWAY CORPORATION.

Circuit Court of Hamilton County.

THE NORTHERN PACIFIC RAILWAY COMPANY v. JACOB BAUM.

Decided, January 11, 1909.

*Attachment—Action before Justice of the Peace—Foreign Railroad Corporations—Jurisdiction over Personally and over the Property of—Sections 6478, 6489 and 6496.*

1. Sections of the code of civil procedure relating only to jurisdiction over the person are not applicable under the section relating to attachments where jurisdiction is sought over the property attached.

2. The right of attachment against personal property of a foreign rail-
road company, having no place of business or officer upon whom
summons can be served within the county, is given under Section
6489, and such a company is not exempted from attachment by the
provisions of Section 6478.

*George Hoadly,* for plaintiff in error.
*Jacob Shroder* and *Joseph B. Derbes,* contra.

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

In this case we think the judgment of the court below should
be affirmed.   The proceeding as instituted in the magistrate's
court was in attachment against the plaintiff in error within
the provisions of Section 6489, and personal property of the
railway company was attached.

The plaintiff in error contends that under Section 6478 it is
exempt from such proceeding.   We think, however, that this
action relates only to the service of process against a railroad
company under certain restrictions whereby jurisdiction of the
corporation is personally sought and is not in conflict with Sec-
tion 6489, where jurisdiction over property of a foreign railway
company is secured by an attachment; whereupon Section 6496
and following sections provide how the matter or thing attached
shall be disposed of and upon its sale the manner in which the
proceeds shall be applied to the payment of the indebtedness.

It is not sought to bring the corporation personally into court,
but the plaintiff in error being a foreign corporation with no
officer upon whom a summons can be served or place of doing
business in the county and the claim being a debt or demand
arising upon contract, the right of attachment against the prop-
erty of such a corporation is given by this section.   It is evident
that the sections of the code of civil procedure relating only to
the jurisdiction over the person are not applicable under the
section relating to attachments where jurisdiction is sought to
be obtained over the property attached.   We are of the opinion
therefore there is no error in the judgment of the court below and
the same is affirmed.